_____

No. 95-3774
_____

In Re:  National Cattle          *
Congress, Inc.,                  *
                                 *
     Debtor.                     *
------------------------------   *
                                 *
National Cattle Congress, Inc.,  *  Appeal from the United States
                                 *  District Court for the
     Plaintiff - Appellee,       *  Northern District of Iowa.
                                 *
     v.                          *     [TO BE PUBLISHED]
                                 *
Iowa Racing & Gaming             *
Commission,                      *
                                 *
     Defendant - Appellant.      *
                               _____

               Submitted:  April 8, 1996

               Filed:  August 2, 1996
                               _____

Before MAGILL, Circuit Judge, HENLEY, Senior Circuit Judge, and LOKEN,
     Circuit Judge.
                               _____

PER CURIAM.

     In 1986, the National Cattle Congress, Inc. ("NCC"), a nonprofit
corporation, began operating a pari-mutuel dog track in Iowa, the Waterloo
Greyhound Park, under license from the Iowa Racing and Gaming Commission
(the "Commission").  The track began to suffer losses in 1992, and NCC
filed for Chapter 11 bankruptcy protection on December 16, 1993.  In
November 1994, the Commission passed a resolution to revoke NCC's pari-
mutuel license (absent voluntary surrender) on the ground that NCC lacked
financial responsibility sufficient to operate the track.  See Iowa Code
Ann. §§ 99D.9(3)(b) and (7).

To avoid loss of its license, NCC as debtor-in-possession moved the bankruptcy court to declare that the Commission's revocation resolution violates the automatic stay provisions of 11 U.S.C. §§ 362(a)(1) and (a)(3). The Commission responded that its revocation is a regulatory action exempt from the § 362(a)(1) stay under § 362(b)(4), and that § 362(a)(3) does not apply because the Commission does not seek to "exercise control over property of the estate." The bankruptcy court[1] granted NCC's motion, concluding that the Commission's resolution to revoke was an exempt exercise of its regulatory powers, but revocation is an exercise of control over property of NCC's estate (the license) which violates §§ 362(a)(1) and (a)(3) unless and until the Commission seeks and obtains a lift-stay order. In re National Cattle Congress, Inc., 179 B.R. 588, 597-98 (Bankr. N.D. Iowa 1995). The district court[2] affirmed, and this appeal followed. We have jurisdiction over an appeal from an order enforcing the automatic stay in bankruptcy under either 28 U.S.C. § 158(d) or 28 U.S.C. § 1292(a)(1). See In re James Wilson Assocs., 965 F.2d 160, 166 (7th Cir. 1992); In re Apex Oil Co., 884 F.2d 343, 347 (8th Cir. 1989); In re Leimer, 724 F.2d 744, 746 (8th Cir. 1984).

While the case was pending on appeal, the Supreme Court decided Seminole Tribe of Fla. v. Florida, 116 S. Ct. 1114 (1996). Seminole holds that the Indian Commerce Clause, U.S. Const. art. I, § 8, cl. 3, does not grant Congress the power to abrogate a State's immunity under the Eleventh Amendment. Seminole expressly overrules Pennsylvania v. Union Gas Co., 491 U.S. 1 (1989), which held that the Interstate Commerce Clause, U.S. Const. art. I, § 8, cl. 3, granted Congress the power to abrogate Eleventh Amendment immunity. The Commission suggests that an order enforcing the

---

[1]The HONORABLE PAUL J. KILBURG, United States Bankruptcy Judge for the Northern District of Iowa.

[2]The HONORABLE EDWARD J. MCMANUS, United States District Judge for the Northern District of Iowa.

-2-

automatic stay against the Commission violates the State of Iowa's Eleventh Amendment immunity as construed in Seminole. There is much to indicate that this may be a complex and serious issue. See Seminole, 116 S. Ct. at 1131-32 n.16; Ohio Agric. Commodity Depositors Fund v. Mahern, 116 S. Ct. 1411 (1996), vacating In re Merchants Grain, Inc., 59 F.3d 630 (7th Cir. 1995) (remanding a bankruptcy case for further consideration in light of Seminole); In re Martinez, 196 B.R. 225, 230 (D.P.R. 1996); 11 U.S.C. § 106(a). Accordingly, without reaching the merits of the bankruptcy and district court orders under review, and without expressing a view as to the Eleventh Amendment issue, we remand this case to the district court with instructions to remand to the bankruptcy court for further consideration in light of Seminole.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.