In re Raymond D. HEADRICK, Cynthia J. Headrick, Debtors.

Raymond D. HEADRICK, Cynthia J. Headrick, Plaintiffs,

v.

STATE OF GEORGIA, Acting Through Its Agency, The DEPARTMENT OF REVENUE, Defendant.

Bankruptcy No. 94–12007.
Adversary No. 96–01027A.

United States Bankruptcy Court, S.D. Georgia, Augusta Division.

Sept. 26, 1996.

Scott J. Klosinski, Augusta, Georgia, for Plaintiffs.

W. Wright Banks, Jr., Assistant Attorney General, Atlanta, Georgia, for Defendant.

### ORDER

JOHN S. DALIS, Bankruptcy Judge.

Raymond and Cynthia Headrick (hereinafter "Debtors") filed this complaint against the State of Georgia acting through its agency the Department of Revenue (hereinafter "Georgia") alleging violations of the automatic stay, 11 U.S.C. § 362 [1]. Georgia moved

---

1. 11 U.S.C. § 362 provides in part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302,

for summary judgment, asserting sovereign immunity and that its actions did not violate the automatic stay as a matter of law. The Debtors filed a response and a counter motion for summary judgment. Both motions are denied.

Both parties move for judgment in their favor under Federal Rule of Civil Procedure (FRCP) 56, made applicable to bankruptcy cases under Federal Rule of Bankruptcy Procedure (FRBP) 7056. Under FRCP 56, this Court will grant summary judgment only if "... there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(c). The moving party has the burden of establishing its right of summary judgment. *See, Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). The evidence must be viewed in a light most favorable to the party opposing the motion. *See, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The Court has jurisdiction to hear this matter as a core bankruptcy proceeding under 28 U.S.C. § 157(b)(2)(A)(B) & (O).

The Debtors filed a Chapter 13 case on December 28, 1994. On April 10, 1995 Georgia filed a proof of claim for state income taxes. The Debtors objected to Georgia's claim, which claim Georgia voluntarily reduced after receiving a copy of the Debtors' 1993 tax return.

On October 24, 1995, Georgia issued a document titled "Official Assessment And Demand for Payment" (hereinafter "Assessment") against the Debtors. On December 21, 1995, Georgia issued to the Debtors a document titled "Collection Notice" (hereinafter "Notice"), which Notice allegedly contained demands for payment and threats of collection by levy, garnishment or attachment. Thereafter, the Debtors instituted this action against Georgia alleging that the collection attempts violated the § 362 stay.

## I. CONGRESS ENACTED THE ENFORCEMENT PROVISIONS OF THE AUTOMATIC STAY AGAINST THE STATES PURSUANT TO A VALID EXERCISE OF AUTHORITY UNDER THE FOURTEENTH AMENDMENT.

By its express terms, the Eleventh Amendment to the United States Constitution immunizes a State from suit in the federal courts by a non-resident of that State[2]. Despite this narrow language, the Supreme Court has consistently interpreted the Eleventh Amendment to immunize States from suits by any individual, whether a resident of that State or of another State. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). This immunity restricts Congress from creating rights of action against States in federal court under Congress' Article I powers unless the State consents to suit. *Seminole Tribe v. Florida*, —— U.S. ——, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (Congress cannot abrogate a State's immunity from suit by creating a right of action against the State under the Indian Commerce Clause.)

The Supreme Court established a two prong test to determine whether Congress may abrogate a State's immunity: "... first, whether Congress has unequivocally expressed its intent to abrogate the immunity,

---

or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

 (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

 . . . . .

 (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

**2.** U.S. Const. Amend. 11 provides:

 The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

and second, whether Congress has acted pursuant to a valid exercise of power." (citations omitted) *Seminole Tribe* at ——, 116 S.Ct. at 1123. In *Seminole Tribe*, the Supreme Court acknowledged that Congress had unequivocally acted to abrogate State immunity from suit under the Indian Gaming Regulatory Act, 25 U.S.C. § 2701 et seq., but ruled that the Indian Commerce Clause of the Constitution (U.S. Const., Art. I, § 8, cl. 3 [3]) did not authorize Congress to abrogate this immunity. In determining that the Indian Commerce Clause did not authorize Congress to subject a State to suit in federal court by an individual, the Court reversed the line of cases holding that the Commerce Clause authorizes Congress to act so. *See e.g., Pennsylvania v. Union Gas Co.*, 491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989).

Bankruptcy Code title 11 § 106 [4] unequivocally expresses Congressional intent to abrogate the States' sovereign immunity by subjecting them to damage awards for violations of the automatic stay. *See, In Re Merchants Grain, Inc.*, 59 F.3d 630 (7th Cir.1995) *vacated and remanded* —— U.S. ——, 116 S.Ct. 1411, 134 L.Ed.2d 537 (1996) (Congress' 1994 revision of § 106 unequivocally evidenced its intent to abrogate the States' immunity from suit). The question is whether Congress has authority to abrogate this immunity under the Bankruptcy Clause of the United States Constitution (U.S. Const. Art. I, § 8, Cl. 4 [5]). Answered yes by the Seventh Circuit in *Merchants Grain*, but remanded by the Supreme Court for reconsideration in light of *Seminole Tribe*. —— U.S. at ——, 116 S.Ct. at 1141.

Under the rationale articulated in *Seminole Tribe*, Congress is not authorized to abrogate the States' immunity under the Bankruptcy Clause of the United States Constitution. —— U.S. at ——, n. 16, 116 S.Ct. at 1131, n. 16; *Id.* at ——, 116 S.Ct. at 1134 (Stevens' dissent). However, in *Seminole Tribe* the Supreme Court recognized and reaffirmed Congress' ability to abrogate a State's immunity under the express language of the Fourteenth Amendment [6]. —— U.S. at

3. U.S. Const. Art. I Sec. 8, cl. 3 provides that Congress shall have the power: To regulate commerce with foreign nations, and among the several States and with the Indian tribes.

4. 11 U.S.C. § 106 provides: Waiver or sovereign immunity.
(a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:
(1) Sections 105, 106, 107, 108, 303, 346, *362*, 363, 364, 365, 366, 502, 503, 505, 506, 510, 522, 523, 524, 525, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552, 553, 722, 724, 726, 728, 744, 749, 764, 901, 922, 926, 928, 929, 944, 1107, 1141, 1142, 1143, 1146, 1201, 1203, 1205, 1206, 1227, 1231, 1301, 1303, 1305, and 1327 of this title.
(2) The court may hear and determine any issue arising with respect to the application of such sections to governmental units.
(3) The court may issue against a governmental unit an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money recovery, but not including an award of punitive damages. Such order or judgment for a costs or fees under this title or the Federal Rules of Bankruptcy Procedure against any governmental unit shall be consistent with the provisions and limitations of section 2412(d)(2)(A) of title 28.
(4) The enforcement of any such order, process, or judgment against any governmental unit shall be consistent with appropriate nonbankruptcy law applicable to such governmental unit and, in the case of a money judgment against the United States, shall be paid as if it is a judgment rendered by a district court of the United States.
(5) Nothing in this section shall create any substantive claim for relief or cause of action not otherwise existing under this title, the Federal Rules of Bankruptcy Procedure, or nonbankruptcy law.
(b) A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.
(c) Notwithstanding any assertion of sovereign immunity by a governmental unit, there shall be offset against a claim or interest of a governmental unit any claim against such governmental unit that is property of the estate. (emphasis added)

5. U.S. Const. Art. I Sec. 8, cl. 4 provides that Congress shall have the power:

To establish an uniform Rule of Naturalization, and uniform Laws on the subject of Bankruptcies throughout the United States.

6. U.S. Const. Amend. 14 provides in pertinent part:

Section 1. Citizens of the United States.
All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are

——, 116 S.Ct. at 1125. The Supreme Court did not address whether the Fourteenth Amendment authorized Congress to enforce the Indian Gaming Regulatory Act against the States because the petitioner abandoned this issue after the Eleventh Circuit Court of Appeals rejected its argument that the Indian Gaming Regulations Act created a liberty and property interest subject to Congress' protection under the Fourteenth Amendment. *Id.* at ——, 116 S.Ct. at 1125.

The Fourteenth Amendment expressly gives Congress the authority to pass laws to prevent the States from abridging citizens' privileges and immunities. *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976).

> "The protection extended to citizens of the United States by the privileges and immunities clause includes those rights and privileges which, *under the laws and Constitution of the United States,* are incident to citizenship of the United States, but does not include rights pertaining to state citizenship and derived solely from the relationship of the citizen and his state established by state law." (emphasis added, citations omitted).

*Snowden v. Hughes,* 321 U.S. 1, 6–7, 64 S.Ct. 397, 400, 88 L.Ed. 497 (1944). Article I empowers Congress to grant debtors the privileges and immunities of the Bankruptcy Code, and the Fourteenth Amendment gives Congress the right to enforce those privileges and immunities by creating private rights of action against the States. In § 106, Congress unequivocally expressed its intent to abrogate Georgia's immunity, and this abrogation was enacted by a valid exercise of power under the Fourteenth Amendment. *See, Mather v. Oklahoma Employment Sec. Comm'n (In re Southern Star Foods, Inc.),* 190 B.R. 419 (Bankr.E.D.Okl.1995). (Article I gives Congress the power to legislate on the subject of bankruptcy, and the Fourteenth Amendment allows debtors to enforce the provisions of the Bankruptcy Code in federal court notwithstanding the States' Eleventh Amendment immunity.)

## II. EVEN IF GEORGIA IS IMMUNE FROM SUIT FOR ITS ALLEGED VIOLATIONS OF THE AUTOMATIC STAY, IT HAS WAIVED THAT IMMUNITY BY FILING A PROOF OF CLAIM AGAINST THE DEBTORS.

 Even if Congress is powerless to abrogate a State's immunity from suit, the State may waive that immunity and subject itself to suit in federal court. Georgia asserts that, under its constitution, only the Georgia legislature may waive its sovereign immunity, and that waiver is limited to the extent provided in the Georgia Constitution. Ga. Const.1983, Art. I, Sec. II, Para. IX(e) [7].

---

citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

. . . . .

Section 5. Power to enforce amendment.
The Congress shall have the power to enforce, by appropriate legislation, the provisions of this article.

**7.** Georgia Constitution Art. I, § II, Para. IX provides:

(a) The General Assembly may waive the state's sovereign immunity from suit by enacting a State Tort Claims Act, in which the General Assembly may provide by law for procedures for the making, handling, and disposition of actions or claims against the state and its departments, agencies, officers, and employees, upon such terms and subject to such conditions and limitations as the General Assembly may provide.
(b) The General Assembly may also provide by law for the processing and disposition of claims against the state which do not exceed such maximum amount as provided therein.
(c) The state's defense of sovereign immunity is hereby waived as to any action ex contractu for the breach of any written contract now existing or hereafter entered into by the state or its departments and agencies.
(d) Except as specifically provided by the General Assembly in a State Tort Claims Act, all officers and employees of the state or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions. Except as provided in this subparagraph, officers and employees of the state or its departments and agencies shall not be subject to suit or liability, and no judgment shall be entered against

Notably, paragraph (f) provides that the Georgia Constitution's limited waiver of sovereign immunity does not include the State's Eleventh Amendment immunity. Therefore, Georgia has not by its constitution or legislative enactment waived its immunity from suit in federal court for violations of the automatic stay. *See, Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 241, 105 S.Ct. 3142, 3146, 87 L.Ed.2d 171 (1985) *reh'g denied,* 473 U.S. 926, 106 S.Ct. 18, 87 L.Ed.2d 696 (1985) (A State does not waive its Eleventh Amendment immunity from suit in federal court by waiving its immunity from suit in state court.)

Although Georgia has not legislatively waived its Eleventh Amendment immunity, the weight of authority establishes that it can, and here has, waived this immunity by filing a proof of claim against the Debtor's estate. *See, University Medical Ctr. v. Sullivan (In re University Medical Ctr.),* 973 F.2d 1065, 1086 (3d Cir.1992); *995 Fifth Ave. Assoc. v. New York State Dept. of Tax. and Fin. (In re 995 Fifth Ave. Assoc.),* 963 F.2d 503 (2d Cir.1992), *cert. denied,* 506 U.S. 947, 113 S.Ct. 395, 121 L.Ed.2d 302 (1992); *Sullivan v. Town & Country Home Nursing Svc., Inc. (In re Town & Country Home Nursing Svc., Inc.),* 963 F.2d 1146, 1150 (9th Cir. 1992); *WJM, Inc. v. Mass. Dept. of Public Welfare,* 840 F.2d 996 (1st Cir.1988). The Supreme Court has not directly addressed whether a State waives its Eleventh Amendment immunity from suit in federal court by filing a proof of claim in a bankruptcy case. However, it has ruled that creditors who file proofs of claim against a debtor's estate submit themselves to the bankruptcy court's equitable jurisdiction. *Langenkamp v. Culp,* 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), rehearing denied, 498 U.S. 1043, 111 S.Ct. 721, 112 L.Ed.2d 709 (1990), *citing Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) (Both cases dealt with a creditor's right to

jury trial under the Seventh Amendment to the United States Constitution.) The rationale used in *Granfinanciera* and *Langenkamp* applies equally here.

In *Granfinanciera* [the Supreme Court] recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power. 492 U.S. at 58–59, and n. 14, 109 S.Ct. at 2799–2800, and n. 14 (citing [*Katchen v. Landy,* 382 U.S. 323 at 336, 86 S.Ct. 467 at 476, 15 L.Ed.2d 391 (1966)]).

If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. *Ibid.* In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equitable jurisdiction. Granfinanciera, supra,* 492 U.S. at 57–58, 109 S.Ct. at 2798–2799.

*Langenkamp, supra,* 498 U.S., at 44, 111 S.Ct. at 331.

In this case Georgia submitted a proof of claim thereby triggering the process of allowance and disallowance of its claim and subjecting itself to this court's equitable power. "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions." H.Rept. No. 95–595 to accompany H.R. 8200, 95th Cong. 1st Sess. (1977) pp. 340–344, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6296–6301. Nothing is more fundamental to the restructuring of the debtor-creditor relationship under the bankruptcy court's equitable jurisdiction than the resolution of debt through the claims process.

them, for the performance or nonperformance of their official functions. The provisions of this subparagraph shall not be waived.

(e) Except as specifically provided in this Paragraph, sovereign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments can only be waived by an Act of the

General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.

(f) No waiver of sovereign immunity under this Paragraph shall be construed as a waiver of any immunity provided to the state or its departments, agencies, officers, or employees by the United States Constitution.

If a state desires to participate in the assets of a bankrupt, she must submit to appropriate requirements by the controlling power; otherwise, orderly and expeditious proceedings would be impossible and a fundamental purpose of the Bankruptcy Act would be frustrated.

*New York v. Irving Trust Co.*, 288 U.S. 329, 332, 53 S.Ct. 389, 391, 77 L.Ed. 815 (1933) Although *Irving Trust* arose under the Bankruptcy Act, judicially created concepts under the Act remain viable under the Code unless Congress enacts legislation to specifically overrule the interpretation. *Midlantic Nat. Bank v. New Jersey Dept. of Envtl. Protection*, 474 U.S. 494, 106 S.Ct. 755, 88 L.Ed.2d 859 (1986); *Vasquez v. Hillery*, 474 U.S. 254, 265, 106 S.Ct. 617, 624, 88 L.Ed.2d 598 (1986) (Stare decisis counsels against overruling settled precedent). "It is traditional bankruptcy law that he who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide by the consequences of that procedure.... When the State becomes the actor and files a claim against the fund it waives any immunity which it otherwise might have had respecting the adjudication of the claim." (Citations omitted) *Gardner v. New Jersey*, 329 U.S. 565, 67 S.Ct. 467, 91 L.Ed. 504 (1946) *reh'g denied*, 330 U.S. 853, 67 S.Ct. 768, 91 L.Ed. 1296 (1947).

 The automatic stay operates as an injunction against the commencement or continuation of an action against the debtor to recover a prepetition claim. 11 U.S.C. § 362(a)(1). Issuing and enforcing an injunction is an exercise of the court's equitable jurisdiction. *N.L.R.B. v. P\*I\*E\* Nationwide, Inc.*, 894 F.2d 887, 893 (7th Cir.1990). The enforcement of the stay, an injunction, is integral to the restructuring of the debtor-creditor relationship and fundamental to the court's equitable jurisdiction. *Young v. United States ex rel. Vuitton Et Fils S.A.*, 481 U.S. 787, 796–798, 107 S.Ct. 2124, 2132–2133, 95 L.Ed.2d 740, *citing Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 450, 31 S.Ct. 492, 501, 55 L.Ed. 797 (1911). Aside from any statutory authority granted by Congress, "courts have inherent contempt powers in all proceedings, including bankruptcy, to 'achieve the orderly and expeditious disposition of cases.'" *Jove Engineering v. Internal Revenue Service (In re Jove Engineering)*, 92 F.3d 1539 (11th Cir.1996), *quoting Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991) (Even though corporate debtor is not entitled to statutory relief under 11 U.S.C. § 362(h), the bankruptcy judge has the inherent authority to enforce the provisions of the automatic stay.) Bankruptcy courts therefore maintain equitable jurisdiction to enforce the automatic stay against creditors participating in the orderly distribution of the estate assets. *Accord, Burke v. Georgia (In re Burke)*, 200 B.R. 282 (Bankr.S.D.Ga. 1996) (Bankruptcy court has inherent authority to enforce the post discharge injunction against the State of Georgia Department of Revenue.)

III. NEITHER PARTY HAS ESTABLISHED AS A MATTER OF LAW THAT IT IS ENTITLED TO SUMMARY JUDGMENT ON THE MERITS OF THE COMPLAINT.

 Georgia contends that it did not violate the automatic stay as a matter of law because its actions are excepted from the automatic stay as a tax assessment under § 362(b)(9) [8]. The Debtors counter that the Assessment and the Notice constitute willful attempts to collect the taxes in violations of the automatic stay as a matter of law. Be-

---

**8.** 11 U.S.C. § 362(b)(9) provides:

(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay—

(9) under subsection (a), of—

(A) an audit by a governmental unit to determine tax liability;

(B) the issuance to the debtor by a governmental unit of a notice of tax deficiency;

(C) a demand for tax returns; or

(D) the making of an assessment for any tax and issuance of a notice and demand for payment of such an assessment (but any tax lien that would otherwise attach to property of the estate by reason of such an assessment shall not take effect unless such tax is a debt of the debtor that will not be discharged in the case and such property or its proceeds are transferred out of the estate to, or otherwise revested in, the debtor).

cause neither party has offered the complained of documents sent by Georgia to the Debtors, I cannot determine whether the notices were merely tax assessments as asserted by Georgia, or collection attempts as asserted by the Debtors. Questions of fact remain.

It is therefore ORDERED that the State of Georgia's motion for summary judgment and the Debtor's counter motion for summary judgment are both DENIED.