**In re YORK–HANNOVER
DEVELOPMENTS,
INC., Debtor.**

**Richard D. SPARKMAN,
Trustee, Plaintiff,**

v.

**STATE OF FLORIDA DEPARTMENT
OF REVENUE, Defendant.**

**Bankruptcy No. 92–01424–5–ATS.
Adversary No. S–94–00145–5–AP.**

United States Bankruptcy Court,
E.D. North Carolina,
Raleigh Division.

Oct. 10, 1996.

138

Richard D. Sparkman, Angier, NC, for Trustee.

Kent L. Weissinger, Assistant General Counsel, Florida Dept. of Revenue, Tallahassee, FL, for State of Florida Dept. of Rev.

Phillip M. Seligman, Civil Division, U.S. Department of Justice, Washington, DC, for U.S.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

A. THOMAS SMALL, Chief Judge.

This is an adversary proceeding brought by Richard D. Sparkman, chapter 7 trustee for York–Hannover Developments, Inc. ("YHDI"), to recover alleged fraudulent transfers totaling $15,405 from the State of Florida Department of Revenue pursuant to 11 U.S.C. § 548 and the North Carolina fraudulent conveyance statutes pursuant to § 544(b).[1] The defendant, the State of Florida, did not file a proof of claim in this case, did not previously participate in this case and has in no way consented to this court's jurisdiction.

The State of Florida filed a motion to dismiss on the grounds of sovereign immunity and a hearing was held in Raleigh, North Carolina on February 22, 1995. Section 106(a) of the Bankruptcy Code, as amended by the Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, § 113, 108 Stat. 4106 (1994), expressly precludes the sovereign immunity defense in this proceeding.[2] Section 106(a) provides that "[n]otwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following: (1) Sections ... 544, [and] 548."[3]

---

1. Although the complaint does not provide specific facts as to the alleged nature of the transfers, the debtor apparently paid taxes to the State of Florida on behalf of a related corporation.

2. The legislative history to the Bankruptcy Reform Act of 1994 clearly states that § 106 was being amended to conform with the Supreme Court's requirement that Congress make an "unmistakably clear" statement of its intent to abrogate States' immunity in the text of the statute. H.R. REP. No. 103–835, 103d Cong., 2d. Sess., 42 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3350–51 (citing *Hoffman v. Connecticut Dep't of Income Maintenance*, 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989); *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 242, 105 S.Ct. 3142, 3147, 87 L.Ed.2d 171 (1985)). Congress'

intention to abrogate sovereign immunity with respect to claims brought under § 548 and § 544 is clear and only the constitutionality of Congress' authority to so abrogate under the Article I Bankruptcy Clause Power is at issue in this proceeding. Section 702(b)(2)(B) of the Bankruptcy Reform Act of 1994 mandates that § 113 of the Reform Act, codified as 11 U.S.C § 106(a), shall apply retroactively to bankruptcy cases commenced prior to the enactment of the Reform Act. Bankruptcy Reform Act of 1994, Pub.L. No. 103–394 at § 702, 108 Stat. at 4150. The retroactive application of § 106(a) was not disputed in this proceeding.

3. The full text of § 106 is as follows:
 11 U.S.C. § 106. Waiver of sovereign immunity

The State of Florida, however, argued that Congress lacked constitutional authority to abrogate state sovereign immunity when legislating pursuant to the Constitution's Article I Bankruptcy Clause [4] and that the Eleventh Amendment [5] prevented such an abrogation. Mr. Sparkman, the trustee, asserted that in *Pennsylvania v. Union Gas Co.*, 491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989), the Supreme Court recognized Congress' authority to abrogate state sovereign immunity under the Interstate Commerce Clause of Article I and that Congress had similar authority under Article I's Bankruptcy Clause. The State of Florida contended that the Supreme Court was considering similar issues in the then pending case of *Seminole Tribe of Florida v. Florida*, and that when that case was decided, the Court would overrule *Union Gas*.

On April 18, 1995, this court, based on the Seventh Circuit Court of Appeals' decision in *McVey Trucking, Inc. v. Secretary of State of Illinois (In re McVey Trucking, Inc.)*, 812 F.2d 311 (7th Cir.1987), *cert. denied sub nom. Edgar v. McVey Trucking Co.*, 484 U.S. 895, 108 S.Ct. 227, 98 L.Ed.2d 186 (upholding Congress' authority to abrogate sovereign immunity under the Bankruptcy Clause) and *Union Gas*, held that Congress acted within its constitutional authority under the Bankruptcy Clause when it amended § 106, and denied the State of Florida's motion to dismiss. *Sparkman v. State of Florida Dept. of Revenue (In re York–Hannover Devs., Inc.)*, 181 B.R. 271 (Bankr.E.D.N.C. 1995). The State of Florida appealed to the United States District Court for the Eastern District of North Carolina, and relying on *Union Gas*, the district court affirmed, holding that "Congress may abrogate the presumption of immunity arising under the Eleventh Amendment when acting pursuant to its Article I powers, including its power to enact uniform bankruptcy laws." *State of Florida Dept. of Revenue v. Sparkman (In re York–Hannover Devs., Inc.)*, 190 B.R. 62, 65 (E.D.N.C.1995).

The State of Florida appealed to the United States Court of Appeals for the Fourth Circuit, and while the appeal was pending, as

(a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:

(1) Sections 105, 106, 107, 108, 303, 346, 362, 363, 364, 365, 366, 502, 503, 505, 506, 510, 522, 523, 524, 525, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552, 553, 722, 724, 726, 728, 744, 749, 764, 901, 922, 926, 928, 929, 944, 1107, 1141, 1142, 1143, 1146, 1201, 1203, 1205, 1206, 1227, 1231, 1301, 1303, 1305, and 1327 of this title.

(2) The court may hear and determine any issue arising with respect to the application of such sections to governmental units.

(3) The court may issue against a governmental unit an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money recovery, but not including an award of punitive damages. Such order or judgment for costs or fees under this title or the Federal Rules of Bankruptcy Procedure against any governmental unit shall be consistent with the provisions and limitations of section 2412(d)(2)(A) of title 28.

(4) The enforcement of any such order, process, or judgment against any governmental unit shall be consistent with appropriate nonbankruptcy law applicable to such governmental unit and, in the case of a money judgment against the United States, shall be paid as if it is a judgment rendered by a district court of the United States.

(5) Nothing in this section shall create any substantive claim for relief or cause of action not otherwise existing under this title, the Federal Rules of Bankruptcy Procedure, or nonbankruptcy law.

(b) A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.

(c) Notwithstanding any assertion of sovereign immunity by a governmental unit, there shall be offset against a claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

**4.** Article I of the Constitution gives Congress the authority "[t]o establish an uniform Rule of Naturalization, and uniform Laws on the subject of Bankruptcies throughout the United States[.]" U.S. CONST. art. I, § 8, cl. 4.

**5.** The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.

predicted by the State of Florida, the United States Supreme Court overruled *Union Gas* in *Seminole Tribe of Florida v. Florida,* —— U.S. ——, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). The Fourth Circuit Court of Appeals vacated the district court's opinion and remanded this proceeding to the district court for reconsideration. In turn, the district court, on June 20, 1996, remanded the proceeding to this bankruptcy court for reconsideration in light of the *Seminole* decision.[6]

A hearing on the remand was conducted by telephone conference call on September 9, 1996, but Mr. Sparkman did not participate and the United States Department of Justice, which had initially intervened to uphold the constitutionality of § 106, was a party to the telephone hearing but did not state a position. While the plaintiff and the United States had no position on the subject, sovereign immunity and the Supreme Court's decision in *Seminole* have been the subject of considerable discussion and speculation.

In *Seminole,* the Supreme Court considered whether Congress had acted pursuant to a valid grant of constitutional power when it abrogated state sovereign immunity under its Article I Indian Commerce Clause authority. U.S. CONST., art. I, § 8, cl. 3. The statute at issue in *Seminole* was the Indian Gaming Regulatory Act, 25 U.S.C.A. §§ 2701–2721 (West Supp.1996), that required States to negotiate in good faith with tribes regarding gaming compacts and permitted tribes to sue States in federal courts to enforce that duty.

Previously, in *Pennsylvania v. Union Gas Co.,* 491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989), the Supreme Court held that Congress could abrogate state sovereign immunity pursuant to the interstate provision of Article I's Commerce Clause. U.S. CONST. art. I, § 8, cl. 3. The decision in *Union Gas,* however, was a plurality opinion and "a ma-

jority of the Court [in *Union Gas* ] expressly disagreed with the rationale of the plurality." *Seminole,* —— U.S. at ——, 116 S.Ct. at 1128 (citations omitted).

By a majority of five to four, the Supreme Court in *Seminole* specifically overruled *Union Gas* and held that Congress lacked authority under either the Interstate or Indian provisions of the Commerce Clause to avoid state sovereign immunity as embodied in the Eleventh Amendment. Chief Justice Rehnquist, writing for the majority, stated that the Eleventh Amendment and principles of state sovereign immunity embodied in that Amendment, "restrict[ ] the judicial power under Article III, and Article I cannot be used to circumvent the constitutional limitations [thus] placed upon federal jurisdiction." *Seminole,* —— U.S. at —— – ——, 116 S.Ct. at 1131–32.

The State of Florida now argues that if Congress cannot abrogate state sovereign immunity under Article I's Interstate Commerce Clause or the Indian Commerce Clause, it may not do so under Article I's Bankruptcy Clause. This court agrees. Just as the Supreme Court found that there is "no principled distinction in favor of the States to be drawn between the Indian Commerce Clause and the Interstate Commerce Clause[,]" *Seminole,* —— U.S. at ——, 116 S.Ct. at 1127, this court can find no difference, with respect to Congress' Article I powers, between the Bankruptcy Clause and the Interstate Commerce Clause or the Indian Commerce Clause. The fact that bankruptcy law is federal law exclusively within the province of Congress does not make the Bankruptcy Clause different. The Supreme Court was quite clear in that regard. "[T]he background principle of state sovereign immunity embodied in the Eleventh Amendment is not so ephemeral as to dissipate when the subject of the suit is an area, like

**6.** *See, Ohio Agric. Commodity Depositors Fund v. Mahern,* —— U.S. ——, 116 S.Ct. 1411 (1966) (granting certiorari, vacating judgment, and remanding "for further consideration in light of" *Seminole* in the case of *In re Merchants Grain Inc.,* 59 F.3d 630 (7th Cir.1995)). In *Merchants Grain,* the Seventh Circuit held that § 106(a) was a constitutional abrogation of the Eleventh Amendment and sovereign immunity under Con-

gress' Bankruptcy Clause power. However, that issue in *Merchants Grain* appears to have become moot due to the resolution of a related proceeding on other grounds. *In re Merchants Grain, Inc. ex rel. Mahern,* 93 F.3d 1347 (7th Cir.1996). *See also, In re National Cattle Congress, Inc.,* 91 F.3d 1113 (8th Cir.1996) (remanding for reconsideration in light of *Seminole* ).

the regulation of Indian commerce, that is under the exclusive control of the Federal Government." *Seminole,* —— U.S. at ——, 116 S.Ct. at 1131. Under *Seminole,* state governments that receive avoidable transfers may receive better treatment than other transferees, but "[p]resumably the Supreme Court would opine that this lack of equality is the price we must pay for the Constitution's continuing recognition of the sovereignty of the states." S. Elizabeth Gibson, *Sovereign Immunity in Bankruptcy: The Next Chapter,* 70 AM.BANKR. L.J. 195, 202 (1996) (citing *Seminole* ).

■ Consequently, the court now concludes, as have other courts that have considered the issue, that the Bankruptcy Clause in Article I does not authorize Congress to abrogate state sovereign immunity and, specifically, that the Bankruptcy Clause did not authorize Congress to abrogate state sovereign immunity under 11 U.S.C. § 106(a). *In re Martinez,* 196 B.R. 225 (D.P.R.1996); *Ellenberg v. Board of Regents (In re Midland Mechanical Contractors, Inc.),* 200 B.R. 453 (Bankr.N.D.Ga.1996); *Burke v. State of Ga. ex rel. Department of Revenue (In re Burke),* 200 B.R. 282 (Bankr.S.D.Ga.1996); *Schulman v. California State Water Resources Control Bd. (In re Lazar),* 200 B.R. 358 (Bankr.C.D.Cal.1996); and *In re Sacred Heart Hosp.,* 199 B.R. 129 (Bankr.E.D.Pa. 1996).

Although not argued in this proceeding, it has been suggested that Congress had constitutional authority, other than pursuant to Article I, to enact § 106(a) and to abrogate state sovereign immunity.

In *Seminole,* the Court recognized that Congress may abrogate state sovereign immunity when acting pursuant to § 5 of the Fourteenth Amendment.[7] *Seminole* —— U.S. at ——, 116 S.Ct. at 1128 (citing *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976)). This power had previously been upheld in *Fitzpatrick v. Bit-*

*zer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), where the Court noted that the Fourteenth Amendment was adopted well after both the Eleventh Amendment and the States' ratification of the Constitution, thus allowing the Fourteenth Amendment "to alter the pre-existing balance between state and federal power achieved by Article III and the Eleventh Amendment." *Seminole,* —— U.S. at ——, 116 S.Ct. at 1128 (citing *Fitzpatrick,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976)).

Prior to the Supreme Court's decision in *Seminole,* Chief Bankruptcy Judge Mickey Dan Wilson of the United States Bankruptcy Court for the Eastern District of Oklahoma, in *Mather v. Oklahoma Employment Sec. Comm'n (In re Southern Star Foods, Inc.),* 190 B.R. 419 (Bankr.E.D.Okla.1995), held that Congress was authorized to enact § 106(a) under § 5 of the Fourteenth Amendment. Judge Wilson reasoned that:

> Congress' exercise of its basic national legislative powers under any of the provisions of Article I will usually ... implicate 'the privileges or immunities of the citizens of the United States ... life, liberty, or property ... due process of law ... [or] the equal protection of the laws.' A State cannot limit the exercise by a citizen of the United States of a right conferred by a valid act of Congress. Article I of the Constitution gives the national government power to legislate on the subject of bankruptcy; and the national government has done so, by creating the complex of privileges and immunities, rights and liabilities, found in the Bankruptcy Code.

*Star Foods,* 190 B.R. at 426 (citation omitted). Judge Wilson concluded that although the bankruptcy laws "are enacted 'pursuant to Article I,' they are enforceable 'through the Fourteenth Amendment' [because] to separate the power of national enactment under Article I from the power of national

---

7. Section 5 of the Fourteenth Amendment provides that "[t]he Congress shall have power to enforce, by appropriate legislation, the provisions of this article." U.S. CONST. amend. XIV.

 Section 1 of the Fourteenth Amendment provides, in pertinent part, that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV.

enforcement under the Fourteenth Amendment is to mince the Constitution ... and dismember it into a scatter of lifeless parts." *Id.* The holding of *Star Foods* was recently adopted by Bankruptcy Judge John S. Dalis in *Headrick v. State of Georgia, ex rel. Department of Revenue (In re Headrick)*, 200 B.R. 963 (Bankr.S.D.Ga.1996).

However, the issue of Congress' authority to abrogate States' sovereign immunity under § 5 of the Fourteenth Amendment is not before the court in this proceeding and in light of *Seminole*, the court concludes that Congress did not act within its constitutional authority when enacting § 106(a). Furthermore, there do not appear to be any other grounds to preclude the State of Florida's sovereign immunity defense. It could be argued that since the plaintiff here is a bankruptcy trustee, sovereign immunity does not apply because the suit was brought by a federal official. But, as one court has held, that is "an implausible construction of the role of the trustee." *Schulman v. California State Water Resources Control Bd. (In re Lazar)*, 200 B.R. 358 (Bankr.C.D.Cal.1996).[8]

■ A State may waive its sovereign immunity by filing a proof of claim or by participating in the proceeding. *Schulman v. California State Water Resources Control Bd. (In re Lazar)*, 200 B.R. 358 (Bankr.C.D.Cal. 1996), *In re Sacred Heart Hosp.*, 199 B.R. 129 (Bankr.E.D.Pa.1996), *Burke v. State of Ga. ex rel. Department of Revenue (In re Burke)*, 200 B.R. 282 (Bankr.S.D.Ga.1996). The State of Florida, however, has neither filed a proof of claim nor participated in this proceeding in any way.

Based on the foregoing, the plaintiff's causes of action in this federal court are precluded by the State of Florida's right to sovereign immunity, and this adversary proceeding is **DISMISSED.**[9] A separate judgment will be entered.

**SO ORDERED.**

---

8. It has been argued that sovereign immunity might not apply if the United States Trustee brought the proceeding, but this seems equally implausible. *Harvard Professor Offers Possible Response to Seminole*, BANKRUPTCY COURT DECISIONS WEEKLY NEWS AND COMMENT, August 20, 1996, at A6.

## JUDGMENT

The motion to dismiss this adversary proceeding, filed by the defendant, State of Florida Department of Revenue, was heard by telephone conference call on September 9, 1996, pursuant to the remand order entered by the United States District Court for the Eastern District of North Carolina on June 20, 1996. The basis for this court's ruling is set forth in a Memorandum Opinion and Order entered this date. Based on that ruling,

IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that this adversary proceeding against the defendant, State of Florida Department of Revenue, is **DISMISSED.**

---

9. It has been suggested that while a trustee may not pursue a § 548 action against a State in a federal forum, a trustee may be able to bring an action in state court. *See* S. Elizabeth Gibson, *Sovereign Immunity in Bankruptcy: The Next Chapter,* 70 AM.BANKR. L.J. 195, 203–08 (1996).