In re TRI–CITY TURF CLUB, INC., Debtor.

TRI–CITY TURF CLUB, INC., Plaintiff,

v.

KENTUCKY RACING COMMISSION, et al., Defendants.

Bankruptcy No. 94–10360.
Adv. No. 94–1012.

United States Bankruptcy Court,
E.D. Kentucky,
Ashland Division.

Dec. 20, 1996.

---

4. H.R.Rep. No. 95–595, 95th Cong., 2nd Sess. *reprinted in* 1978 U.S.C.C.A.N. 5787, 5963, 6087.

5. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to FED. R.BANKR.P. 7052 which is made applicable to Contested Matters by FED.R.BANKR.P. 9014. This Memorandum will be published.

618

John O. Morgan Jr., Lexington, Kentucky, for plaintiff.

David Cantor, Louisville, Kentucky, for defendants.

## MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

The plaintiff in this proceeding was, at the commencement of this adversary proceeding, a debtor in possession in a chapter 11 proceeding. An involuntary petition was filed against the debtor in this court on October 24, 1994 and the debtor responded by filing a voluntary proceeding pursuant to Order of court dated November 18, 1994. No proof of claim has been filed in the bankruptcy proceeding by the Commonwealth of Kentucky.

On December 14, 1994 the debtor commenced this adversary proceeding against the Kentucky Racing Commission ("Commission"), an agency of the Commonwealth of Kentucky, and the members thereof. The action seeks injunctive relief to prevent the Commission from revoking the license of the debtor to conduct live horse race meetings and intertrack wagering. The complaint alleged that on December 13, 1994, after the automatic stay was in effect in the bankruptcy proceeding, the Commission voted to revoke the license of the debtor in possession. The debtor contended that such action violated the automatic stay. A hearing was held on this matter and, on December 27, 1994, the court issued a preliminary injunction enjoining the defendants from revoking the license of the debtor to operate its race track.

Subsequently, a motion for summary judgment was filed by the debtor and, in its memorandum, the debtor contended that the defendants violated the automatic stay by revoking the license to operate a race track, and that the debtor should recover its attorney's fees for such violation.

This matter was briefed and argued before the court and, in an Opinion filed on March 22, 1996, the court found that, pursuant to Bankruptcy Rule 7056, there was no material issue of fact with respect to the matter and that the defendants had, in fact, violated the automatic stay. The court further held that, while attorney's fees could not be recovered by the debtor pursuant to 11 U.S.C. § 362(h), there was substantial authority for the court to award attorney's fees as a sanction for contempt of court for violation of the automatic stay. The court proceeded then to determine that, because of the egregious nature of the violation in this particular matter, attorney's fees were warranted, but reserved as to the amount of such fees pending filing of appropriate documentation of the time and services involved.

On March 27, 1996, the United States Supreme Court rendered its decision in *Seminole Tribe of Florida v. Florida, et al.,* —— U.S. ——, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). The holding in *Seminole Tribe* clearly called into question the jurisdictional basis of this adversary proceeding. This court then requested memoranda from the parties on this issue and the matter now stands ready for decision as to the jurisdictional basis and, if jurisdiction is found to exist, the appropriate amount of attorney's fees to be awarded to the debtor in this matter.

In *Seminole Tribe,* the Supreme Court held that the Eleventh Amendment to the United States Constitution restricts the judicial power under Article III of the Constitution. *Seminole Tribe* directs the court to focus on whether or not Congress has abrogated the sovereign immunity of the state and, if a clear intention of Congress to abrogate sovereign immunity is found, to test the basis for Congress' authority to do so. The court found that the grant of authority in Article I of the Constitution, which also grants to Congress exclusive authority to legislate in the area of bankruptcy, did not, even where Congress clearly intends to waive sovereign immunity, authorize Congress to validly waive such sovereign immunity in light of the Eleventh Amendment. The

Court held that the Fourteenth Amendment to the Constitution provides a basis upon which Congress might waive sovereign immunity. The Court recited that the doctrine of *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) could, in limited circumstances, provide a basis for a suit against a state official to prevent a prospective breach of rights of citizens of the United States which are guaranteed by the Constitution.

■ Since the holding in *Seminole Tribe* questions the jurisdiction of this court pursuant to Article III, no consent, oversight or convenience can authorize the exercise of jurisdiction by this court if it violates the Constitution. *Wilson–Jones, et al. v. Caviness, et al.*, 99 F.3d 203 (6th Cir.1996). Therefore, in accordance with *Wilson–Jones*, the court must determine the jurisdictional question and, if jurisdiction does not exist, dismiss the action.

Bankruptcy Code § 106(a) reads as follows:

(a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:

(1) Sections 105, 106, 107, 108, 303, 346, 362, 363, 364, 365, 366, 502, 503, 505, 506, 510, 522, 523, 524, 525, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552, 553, 722, 724, 726, 728, 744, 749, 764, 901, 922, 926, 928, 929, 944, 1107, 1141, 1142, 1143, 1146, 1201, 1203, 1205, 1206, 1227, 1231, 1301, 1303, 1305, and 1327 of this title.

(2) The court may hear and determine any issue arising with respect to the application of such sections to governmental units.

(3) The court may issue against a governmental unit an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money recovery, but not including an award of punitive damages. Such order or judgment for costs or fees under this title or the Federal Rules of Bankruptcy Procedure against any governmental unit shall be consistent with the provisions and limitations of section 2412(d)(2)(A) of title 28.

(4) The enforcement of any such order, process or judgment against any governmental unit shall be consistent with appropriate nonbankruptcy law applicable to such governmental unit and, in the case of a money judgment against the United States, shall be paid as if it is a judgment rendered by a district court of the United States.

(5) Nothing in this section shall create any substantial claim for relief or cause of action not otherwise existing under this title, the Federal Rules of Bankruptcy Procedure, or nonbankruptcy law.

The present adversary proceeding was brought pursuant to § 105 of the Bankruptcy Code. The court concludes, from the above language, that Congress clearly intended to abrogate sovereign immunity of the states for actions brought pursuant to those sections set forth in § 106(a) above. *In re York–Hannover Developments, Inc.*, 201 B.R. 137 (Bankr.E.D.N.C.1996); *In re Headrick*, 200 B.R. 963 (Bankr.S.D.Ga.1996); *In the Matter of Midland Mechanical Contractors, Inc.*, 200 B.R. 453 (Bankr.N.D.Ga.1996); *In re Martinez*, 196 B.R. 225 (D. Puerto Rico 1996); *In re Burke*, 200 B.R. 282 (Bankr. S.D.Ga.1996).

■ The authority of Congress to regulate commerce with the Indian tribes and to establish uniform laws on the subject of bankruptcies are both contained in Section 8 of Article I of the Constitution. While the *Headrick* court, *supra*, concluded that Congress' enactment of the provisions of the automatic stay were a valid exercise of authority under the Fourteenth Amendment, this court agrees with Judge Small's analysis in *York–Hannover*, *supra*, and finds that the rationale of *Seminole Tribe* applies equally to Congress' enactments with respect to bankruptcy as to Congress' enactments with respect to the Indian tribes. There is simply no distinction between these two parts of Section 8 of Article I of the Constitution, and they should clearly rise or fall together as regards the issues raised in the *Seminole*

*Tribe* matter. See also *Midland, supra,* at pages 457–58.

While proper enactments pursuant to the provisions of the Fourteenth Amendment of the Constitution may not fall under *Seminole Tribe's* axe, there must be a "... sufficiently strong logical connection between the aim of the act ... and central, obvious Fourteenth Amendment concerns." *Wilson–Jones* at page 210. The court can find no hint that Congress had in its collective mind Fourteenth Amendment concerns when it enacted Section 106(a) of the Bankruptcy Code.

Further, because the present action was aimed at remedying a present violation of the automatic stay, rather than seeking prospective relief against the individual members of the board, the doctrine of *Ex parte Young* does not apply.

The inescapable conclusion of the above is that the holding of *Seminole Tribe* clearly undermines the jurisdictional basis of this action against the defendant, Kentucky Racing Commission, and the members of the Commission. This court simply lacks jurisdiction to entertain this adversary proceeding.

For these reasons, the court will enter an order dismissing the within adversary proceeding.

### *ORDER*

In accordance with the Memorandum Opinion of even date herewith, it is hereby ORDERED as follows:

1. The Order of this Court dated March 22, 1996 adjudging liability if the Kentucky Racing Commission and the members thereof be, and it hereby is, set aside; and

2. This adversary proceeding is hereby dismissed.

This is a final and appealable order.